UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ramon Ernesto Roane, | ) C/A: 2:13-1819-CWH-BM |
| | ) |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| | ) *Partial Summary Dismissal* |
| Everbank, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff, Ramon Ernesto Roane ("Plaintiff"), proceeding *pro se*, brings this civil rights action against the Defendant, seeking injunctive and compensatory relief. Plaintiff paid the full $400 filing and administrative fee. *See* Receipt No. SCX200010513 (DSC); ECF No. 1. Although the *pro se* Plaintiff is not proceeding IFP, this filing is subject to review pursuant to the inherent authority of this Court to ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous.[1] *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2d Cir. 2000). *See also Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 307-308 (1989) (mentioning in dicta that "[s]tatutory provisions may simply codify existing rights or powers. Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"); *Pillay v. INS*, 45 F.3d 14, 16-17 (2nd Cir.



---

[1]The undersigned is not conducting an initial review pursuant to 28 U.S.C. § 1915(e)(2) because Plaintiff has paid the filing fee. Pre-screening under 28 U.S.C. § 1915 is inapplicable in *pro se*, non-prisoner, fee-paid cases. *See Bardes v. Magera*, C/A No. 2:08-487-PMD-RSC, 2008 WL 2627134 at *8-10 (D.S.C. June 25, 2008) (finding persuasive the Sixth Circuit's opinion in *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999), that § 1915(e)(2) is inapplicable to actions that are not pursued *in forma pauperis*); *Key v. United States Dep't of Transp.*, No. 2:01-CV-3076-18RB (D.S.C. Dec. 7, 2001, Order) (finding that a *pro se* non-prisoner plaintiff has to invoke § 1915 before the pre-screening under § 1915 applies to the case).

1995) (noting that where a *pro se* party filed an appeal and paid the filing fee, 1915(d) was not applicable, however, the court had "inherent authority, wholly aside from any statutory warrant, to dismiss an appeal or petition for review as frivolous"); *Rolle v. Berkowitz*, No. 03 Civ. 7120 DAB RLE, 2004 WL 287678, at *1 (S.D.N.Y. Feb. 11, 2004) (finding it appropriate to dismiss *sua sponte* and with prejudice a fee-paying *pro se* plaintiff's action when the claims presented no arguably meritorious issue to consider); *Cummings v. Giuliani*, No. 00 Civ. 6634 SAS, 2000 WL 1597868, at *2 (S.D.N.Y. Oct. 24, 2000) (dismissing a non-prisoner *pro se* fee-paid civil action that presented no arguably meritorious claim).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, the requirement of liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or



2

"conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Plaintiff alleges that the Defendant Everbank has violated his civil rights, specifically citing to 42 U.S.C. §§ 1983 and 1985, the Fair Housing Act ("FHA," 42 U.S.C. § 3601 *et seq.*), the Federal Real Estate Settlement Procedures Act ("RESPA," 12 U.S.C. § 27 *et seq.*), and the Plaintiff's 13th and 14th Amendment rights. *See* Complaint, ECF No. 1, p. 3. Plaintiff also alleges, perhaps unintentionally while attempting to allege his RESPA claim, an additional claim for violation of the Fair Trade Commission Act (FTC Act"). *See* Complaint, ECF No. 1, p. 5-6. In addition to alleging federal question jurisdiction, Plaintiff also alleges diversity jurisdiction, based on Plaintiff's allegation that Everbank's headquarters is located in Jacksonville, FL and Plaintiff's demand for monetary damages in the amount of $10 million. *See* Complaint, ECF No. 1, pp. 3, 7.

In addition to the above, Plaintiff characterizes this case as a "removal" action, in which he seeks to remove the Defendant's previously adjudicated foreclosure action, which was filed against Plaintiff in the Circuit Court of Charleston County, to this federal court. *See Everbank v. Roane*, et. al., C.A. No. 11-CP-10-4878 (S.C. Court of Common Pleas). Plaintiff alleges that the state action is still pending. *See* Complaint, ECF No. 1, p. 4; Complaint, Letter of Removal, ECF No. 1-2. In his letter of removal, Plaintiff alleges that:

> The Defendant, Ramon Roane pursuant to 28 U.S.C. §§ 1441(b), 1443 and 1446 request removal of Case No. 2011-CP-1004878 where he was a defendant that was denied the enforcement of his equal civil rights as a citizen on the United States in state court. Plaintiff, Everbank instituted a foreclosure action against defendant, Ramon Roane and without proper service or process and through trick and scheme moved forward with a foreclosure action without the knowledge of defendant. The United States Office of Thrift Supervision has fined Everbank for such practices and



3

a consent order was initiated. Without a doubt if Everbank were allowed to move forward with such public unsafe practices justice would not be served.

Complaint, Letter of Removal, ECF No. 1-1.

However, as discussed hereinbelow, the state court records show that Plaintiff's state court foreclosure proceeding ended over a year ago, with the entry of a judgment of foreclosure and sale. That judgment barred Plaintiff from asserting any further right, title, interest, and equity of redemption in the foreclosed property, and ordered the Sheriff of Charleston County to eject and remove, if necessary, any occupants of the property, as well as any of their personal property located therein, so as to give possession of the property to the successful bidder who purchased it at the foreclosure sale.

Plaintiff attaches to his Complaint a copy of a "Stipulation and Consent to Issuance of a Consent Order" by the Office of Thrift Supervision in an administrative proceeding designated as "*In the Matter of Everbank Financial Corp, Jacksonville, Florida* OTS Docket No. H4188." However, no copy of the actual consent order was included by Plaintiff. *See* Complaint, Exhibit A, ECF No. 1-1.

With respect to his FHA claim, Plaintiff alleges that:

Everbank its agent and servants have either covertly and overtly conspired to submit false information to the State of South Carolina thereby violating plaintiff's right to enjoy their right to own, hold, occupy, and enjoy their 13th and 14th U.S. amendments and constitutional right to the afforded right to such amenities and incorporeal hereditaments protected there under conjointly with the Fair Housing Act. Plaintiffs are reliably informed and believe that defendant Wells Fargo Bank[2] conspiratorial involvement with the City of North Charleston to prevent occupancy

---

[2] Wells Fargo Bank is not a named Defendant in this case. It appears that Plaintiff may have inadvertently included a reference to Wells Fargo, here, and in his allegations re: RESPA violations, see below, because Plaintiff modeled his allegations on a pleading in a lawsuit involving Wells Fargo.



4

> inflates disparate treatment predicted upon race and perpetuates a policy, patter, custom and usage of racial discrimination which same is historically documented.

Complaint, ECF No. 1, p. 4. Plaintiff further alleges that he:

> files this separate lawsuit and seeks in addition removal of defendants lawsuit pending against them in circuit court of Charleston to this court among other things defendant has failed to prove a right to foreclose. Pursuant to 1367 Supplemental Jurisdiction plaintiffs is for good cause requesting removal of all state pending actions. Plaintiffs constitutional rights are one of a perishable nature and will be irretrievably encroached unless removal of the state foreclosure action is granted and an automatic stay granted accorded relief in accord with Fair Housing Act.

*Id.*

With respect to his 13th and 14th Amendment claims, Plaintiff alleges that "Plaintiff has not receive equal treatment or due process in defending himself against the unlawful foreclosure by Everbank." *Id.*

With respect to his § 1983 and § 1985 claims, Plaintiff alleges that:

> Defendant instituted a foreclosure action without proper service of plaintiff. . . . The wrongful conduct of Defendants subjects Plaintiffs to irreparable economic hardship including foreclosure of their property. . . . As a direct result of Defendants conduct, Mr. Roane has been damaged by deprivation of their constitutional and property rights and being wrongfully compelled to expend significant legal fees. . . . The defendant with full knowledge and voluntary participation has conspired with its agents, employees, and servants has been involved in overreaching and object conspiracy to deny civil right to possess and inhibit a home without the imposition of a contrived foreclosure . . .

Complaint, ECF No. 1, p. 5.

With respect to his RESPA claim, although he does not include a separate section of his Complaint labeled as such, Plaintiff's allegations of "misrepresentation of amounts owed," "unfair assessment and collection of fees," and "deceptive claims in bankruptcy servicing" appear to be intended to assert violations of RESPA by Defendant Everbank. *See* Complaint, ECF No. 1,



5

p. 5-6. As noted above, however, Plaintiff's allegations concerning RESPA violations appear to inadvertently refer to Wells Fargo, rather than to the named Defendant. Plaintiff does not make any specific factual allegations as to dates and amounts and, in fact, cites to two provisions of the Fair Trade Commission Act ("FTC Act") rather than RESPA, and alleges, generally, that Defendant:

> in the course and conduct of their loan servicing and collection . . . in numerous instances [has] include[d] in the amounts they represent as owed [for inspections, appraisal fees, title reports, and foreclosure trustee serves] fees that have been marked up beyond the actual cost of the services and/or fees that are for the performance of unnecessary or unreasonable service, in violation of the mortgage contract," thus constituting "false or misleading and . . . deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

Complaint, ECF No. 1, p. 5-6.

Plaintiff further alleges that the Defendant has "assessed and collected default-related fees that they were not legally authorized to assess and collect pursuant to the mortgage contract," again, in violation of 15 U.S.C. § 45(a) - and § 45(n); Complaint, ECF No. 1, p. 6; and that the Defendant "made representations about different aspects of consumers' loans, including amounts owed for pre-petition arrearage and the amount and delinquency status of post-petition payments," which were false and misleading" or made without a reasonable basis, again, in violation of 15 U.S.C. § 45(a). *Id.* Thus, Plaintiff's Complaint is construed to also allege a claim for violation of the FTC Act.

Plaintiff's prayer for relief seeks: "an Order granting temporary and permanent injunctive relief, rescission or reformation of contracts, restitution, refund of monies paid, and the disgorgement of ill-gotten monies, expressly precluding and pre and post interest," and "injunctive relief, actual and punitive damages, emotional distress damages, cost, and attorney fees in the sum of 10 million dollars against defendant EverBank." Complaint, ECF No. 1, p. 7. Plaintiff adds a handwritten request for "removal pursuant 1367 in addition." *Id.* Plaintiff also seeks "emergency

6

temporary and permanent injunctive relief," alleging that he has a clear legal right to such relief based on the following:

> Plaintiffs reside in the Property and as Defendant Everbank is seeking, without satisfying the necessary legal standing requirements to institute a foreclosure, and without proper service to plaintiff to take possession, custody, and control of the Property and ultimately remove the Plaintiffs from their home. . . Plaintiff has been denied any opportunity to be heard as a result of defendants disinformation to the courts regarding service of process. The failure and refusal of the state court to allow the plaintiff a chance to be heard makes futile and further pursuit in State court thus plaintiff know files this action in federal court. . . . Defendant Everbank has no legal standing to institute or maintain a foreclosure of the Property, there is no harm to said Defendant with the granting of the requested relief.

Complaint, ECF No. 1, p. 5.[3]

As noted above, on July 8, 2013, Plaintiff filed a "Request for emergency hearing on previous requested stay of State Court Actions," which has been docketed as a Motion for Emergency Hearing. *See* ECF No. 6. Plaintiff alleges that:

> this action was filed pursuant 28 U.S.C. § 1331 in addition to other violations. Proper removal Pursuant 28 U.S.C. § 1446(d) was accomplished. 1) The action was filed 2) The state was noticed and 3) the defendant was properly served through a legitimate state of SC Process Server named D Brother. The above three actions constitutes and effective removal pursuant 28 U.S.C. § 1446(d) and a copy given to the Charleston County Sheriff's Office.

Motion for Emergency Hearing, ECF No. 6, p. 1. Plaintiff alleges that his actions effected the removal of the case from state court and, pursuant to the provisions of 1446(d), "the State court shall proceed no further unless and until the case is remanded." Plaintiff alleges that, notwithstanding his

---

[3] The relief sought by Plaintiff appears to be in the nature of a preliminary and permanent injunction, which must be served on all parties. *See* Fed. R. Civ. P. Rule 65(a). A temporary restraining order "expires at the tine after entry - not to exceed 14 days - that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). It seems clear that Plaintiff seeks an injunction, both during the pendency of this case and permanently.

7

notification to the sheriff's department, "the state sheriffs department ignored and proceeded further." *Id.* Plaintiff alleges, once again, that he "was not served by Everbank of the foreclosure proceedings." Motion for Emergency Hearing, ECF No. 6, p. 2. Plaintiff alleges that:

> Plaintiff's valuable lifetime belongings were thrown out in the pouring rain (see exhibit A) with total disregard for the law and the, federal mandate of the automatic stay granted upon removal, despite plaintiffs continual plea to the Sheriffs department supervisors and the duty sheriff. Plaintiff has been irrevocably damaged by the actions action's of the Sheriffs department. Plaintiff request an order be issued notifying the Sherriffs Department of the effective removal equivalency to a federal court's order and the retroactive status of plaintiff's statutory removal right. Plaintiff verily believes that adequate reasons have been alleged to show for the issuance of a stay to prevent the tragedy of further irreparable damages until this matter may be disposed of on the merits.

*Id.*

## DISCUSSION

### Letter of Removal

Federal courts are courts of limited jurisdiction, possessing only "that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (citations omitted). Further, federal courts presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). As for removal actions, the federal courts must strictly construe removal statutes, inasmuch as the removal of cases from state to federal court raises significant federalism concerns. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941) ("The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution."); *see also Healy v. Ratta*, 292 U.S. 263, 270 (1934) ("Due regard for the rightful



8

independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."); *Maryland Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005) (noting the court's duty to construe removal jurisdiction strictly because of the significant federalism concerns implicated by removal). Doubts about the propriety of removal should be resolved in favor of remanding the case to state court. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc); *Hartley v. CSX Transp. Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

With respect to the matter presently before the Court, it is self-evident that the removal provisions require the existence of a currently pending state court action. A defendant in a state court civil action cannot remove the action to federal court, under the provisions of § 1441, § 1443,[4] or § 1446, after the state court civil action has ended. While § 1446(b)'s thirty-day limit

---

[4] Even if Plaintiff's letter of removal could otherwise be considered valid, the United States Supreme Court made clear in *Johnson v. Mississippi*, 421 U.S. 213 (1975) and other cases, that allegations of the type advanced by Plaintiff would not warrant removal under § 1443. A "[p]rerequisite to a removal . . . under 28 U.S.C.A. § 1443(1) is a showing that the defendant is being denied rights guaranteed under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *South Carolina v. Moore*, 447 F.2d 1067, 1070 (4th Cir. 1971) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)) (internal footnote omitted). "'[B]road contentions of deprivation of equal protection and due process under the Fourteenth Amendment do not support removal of claims under § 1443(1).'" *Dugas v. Hanover Cnty. Circuit Court*, 3:08CV72, 2008 U.S. Dist. LEXIS 67644, 2008 WL 4153765, at *3 (E.D. Va. Sept. 5, 2008) (quoting *New Mexico v. Gutierrez*, 409 F. Supp. 2d 1346, 1349 (D.N.M. 2006)).

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*Greenwood, Miss. v. Peacock*, 384 U.S. 808, 827-28 (1966); *see also Georgia v. Rachel*, 384 U.S. 780, 792 (1966); *Delavigne v. Delavigne*, 530 F.2d 598, 600-01 (4th Cir. 1976); *South Carolina v. Grace*, 234 F. App'x 103, 104 (4th Cir. 2007).



9

on the filing of a notice of removal has been held to be subject to equitable tolling, numerous court's have held that there is no occasion to apply an equitable tolling exception to the deadline when there is no currently pending case in the state court to remove. *See cf. Mays v. RPC, Inc.*, C/A No. 3:05-CV-0068-G, 2005 U.S. Dist. LEXIS 4968 at *5, (N.D. Tex. Mar. 28, 2005) (holding that, while the 30-day removal period under § 1446 was subject to equitable tolling after the state court case was erroneously dismissed, the state court plaintiff's argument that the dismissal did not affect the ability of the defendant to file a notice of removal was without merit, as there was no case to remove); *Chamberlain v. Amrep, Inc.*, C/A No. 3:04-CV-1776-B, 2004 U.S. Dist. LEXIS 23384, 2004 WL 2624676 at *2 (N.D. Tex. Nov. 18, 2004) (holding that, even if all of the parties in the removed action were aware that the state court case should not have been dismissed, the state court order still dismissed the case and left the state court defendant with nothing to remove to federal court; it was not until the state court issued reinstated the case that the defendant could have removed the action.); *Greising v. C.P. Chemical Company, Inc.*, 646 F.Supp. 553, 555 (D. Minn. 1986) (holding that, because the state court's incorrect judgment of dismissal dismissed the entire case, the defendant could not have legally removed it to federal court, since there was nothing left to remove, until the judgment of dismissal was amended and the case against the defendant was reinstated).

Further, Defendants in a state court case who are removing the case to federal court are required to file a signed notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The language contained in § 1446(a) is "deliberately parallel to the requirements for notice pleading found in Rule 8(a) of the Federal Rules of Civil Procedure." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 199 (4th Cir. 2008).



10

[J]ust as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332, so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner. *Ellenburg*, 519 F.3d at 200 (internal marks and citations removed). Thus, a notice of removal is held to the same pleading standard as the one imposed on a plaintiff in drafting an initial complaint." *See Joyner v. A.C. & R. Insulation Co.*, Civ. No. CCB-12-2294, 2013 U.S. Dist. LEXIS 31549, 2013 WL 877125, at *5 (D.Md. Mar. 7, 2013) (quoting *Ellenburg*, 519 F.3d at 200). The representations contained in Plaintiff's "letter of removal" are not sufficient to demonstrate federal removal jurisdiction based on diversity of citizenship, or based on federal question jurisdiction. In addition to being procedurally defective, Plaintiff's purported notice of removal is substantively defective on its face. While procedural defects, in contrast to jurisdictional defects, may be waived, both case law and statutory law, including § 1447(c), provide that it is not possible to confer subject matter jurisdiction by estoppel, waiver or consent. *See, e.g., Buchner v. FDIC*, 981 F.2d 816, 818 (5th Cir. 1993) ("Although parties may waive their rights to remove a case or to contest the removal procedure, they may neither confer subject matter jurisdiction on the district court nor strip it of such jurisdiction by agreement or waiver.").

Section 1441(a) provides that "the defendant or the defendants" may seek to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *Id.* As noted above, § 1446 describes the appropriate removal procedure to invoke federal jurisdiction, including the need for "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.* Although Plaintiff neglected to

11

comply with this requirement, the Court has been able to access his Charleston County Common Pleas Court foreclosure proceeding via the state court's website. *See* http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails.aspx?County=10&CourtAgency=10002&Casenum=2011CP1004878&CaseType=V (last visited July 9, 2013).[5] A review of the state court proceeding reveals that Defendant Everbank (who was the plaintiff in the state court action) filed its foreclosure complaint, in *Everbank v. Roane, et al.*, C/A No. 11-CP-10-4878, against Plaintiff (who was the defendant in the state court action) and Parkhill Place Home Owners Association, in Charleston County Common Pleas Court, on July 12, 2011. Defendant Everbank filed an affidavit of service, on July 14, 2011, alleging that Plaintiff was personally served with a copy of Everbank's summons and complaint, lis pendens, and notice of foreclosure intervention, on July 13, 2011, at 9:05 a.m. An affidavit of service was also filed by Parkhill Place Home Owners Association, on January 4, 2012, alleging that Plaintiff was personally served, on December 7, 2011, at 6:43 p.m., with a copy of the summons, lis pendens, and answer and cross claims of Parkhill Place Home Owners Association.

The foreclosure action was referred to the Master in Equity for Charleston County, on September 26, 2011. A notice of hearing was mailed to Plaintiff by the attorney for Everbank, on February 10, 2012. A hearing was held on or about February 22, 2012. A default judgment of foreclosure and sale was entered against Plaintiff by the Master in Equity, dated March 5, 2012, and filed on March 7, 2012. No deficiency judgment was sought by Everbank. A public auction was held on May 15, 2012. A Master's deed was executed and delivered to the Secretary of Veterans

---

[5] A federal court may take notice of proceedings in other courts if those proceedings have a direct relation to matters at issue. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (citing *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

Affairs, and the Master's Order of Sale and Disbursement, dated May 24, 2012, was filed on June 6, 2012. On July 24, 2012, a default judgment in the amount of $6,078.98 against Plaintiff was entered in favor of Parkhill Place Home Owners Association on its cross claim against Plaintiff. The monetary judgment was filed on July 30, 2012. Almost a year later, on June 12, 2013, Plaintiff, proceeding *pro se*, filed a motion in the state court foreclosure action to vacate the judgment and for an emergency stay. Supplements to the motion were filed by Plaintiff, on June 20, 2013, and June 21, 2013. On June 21, 2013, the Charleston County Master in Equity entered an order denying Plaintiff's motion to vacate the judgment of foreclosure and sale. The order directed that the sheriff's eviction may proceed on or after July 5, 2013.

Plaintiff filed his Notice of Removal in the Charleston County Court of Common Pleas on July 3, 2013. *Id.* Plaintiff filed his Complaint in this Court, including his purported notice of removal of the state court foreclosure action, on July 2, 2013, almost two years after Everbank's attorney filed an affidavit of service in state court attesting that Plaintiff was served with the summons and complaint in the state court foreclosure action on July 13, 2011, and more than one year after the foreclosure action was ended and the case filed was closed by the Charleston County Clerk of Court's Office, on June 4, 2012, following the Master's judgment of foreclosure and sale.

Section 1446 requires that a state court defendant seeking removal file the notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). This thirty-day window is designed to prevent "undue delay in removal and the concomitant waste of state judicial resources." *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 163 (4th Cir. 1997). Plaintiff's contention is that he was never served with the summons

13

and complaint in the state foreclosure proceeding. This factual allegation is central to Plaintiff's claims against Defendant of civil rights and federal statutory violations and, in evaluating Plaintiff's *pro se* Complaint, the Court assumes its truth. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). However, with respect to this Court's initial review of Plaintiff's purported removal of his state court foreclosure action to this Court, the issue of whether and when Plaintiff was properly served is irrelevant, because there is no currently pending state court civil action to be removed to federal court. The Master in Equity entered a final judgment against Plaintiff in his state court foreclosure action and closed the case in 2012.

Based on the foregoing, Plaintiff's Letter of Removal, purporting to be a Notice of Removal, is invalid and of no legal effect. Typically, in a removal action, an improper or untimely notice of removal necessitates the issuance of an order remanding the case back to state court. In the instant case, however, as thoroughly discussed above, there is no state court case to be removed or remanded. Nevertheless, because Plaintiff filed a purported Notice of Removal in the Charleston County Court of Common Pleas on July 3, 2013, the District Court should file a remand order - or, more appropriately, an order denying removal, since the state court case sought to be removed is not currently pending, but was closed a year ago - so as to provide public notice in the state court records as to the disposition of Plaintiff's purported removal of *Everbank v. Roane, et al.*, C/A No. 11-CP-10-4878.[6]

---

[6] While many courts have held that an order of removal is non-dispositive and can be issued by a United States Magistrate Judge in a non-consent case, it is not firmly established whether the undersigned can issue an order of remand, or whether a Report and Recommendation is required. *Cf. Williams v. Beemiller, Inc.*, 527 F.3d 259 (2d Cir. 2008) (Finding that remand orders are dispositive); *Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 514-517 (6th Cir. 2001) (same); *First Union Mortgage Co. v. Smith*, 229 F.3d 992, 996-997 (10th Cir. 2000) (same); *In re U.S. Healthcare*, 159 F.3d 142, 145-146 (3d Cir. 1998) (same); *Vaquillas Ranch Company v. Texaco*

14

**Motion for Emergency Hearing**

Because Plaintiff's motion for an emergency hearing and stay is based on Plaintiff's invalid notice of removal of his state court foreclosure action, the Court should deny Plaintiff's "Request for emergency hearing on previous requested stay of State Court Actions," ECF No. 6. Plaintiff alleges, in support of his Motion, that he effectuated a legally valid removal of his state court foreclosure action. Such is not the case. Plaintiff's request for an emergency hearing, and his request for an order staying further action by the Charleston County Sheriff's Office subsequent to Plaintiff's apparent eviction on July 5, 2013, is premised on Plaintiff's erroneous assumption that his "removal" of the state court foreclosure action now requires the state court to "proceed no further unless and until the case is remanded." *See* 28 U.S.C. § 1446(d). Plaintiff alleges, once again, that he "was not served by Everbank of the foreclosure proceedings." Motion for Emergency Hearing, ECF No. 6, p. 2. However, while Plaintiff's factual allegation may be relevant to his other claims in his Complaint and his prayer for injunctive and compensatory relief on those claims, with respect to Plaintiff's attempted removal of his foreclosure action and his request for an emergency hearing to stop the foreclosure process, Plaintiff's allegation is irrelevant and Plaintiff's Motion is moot.

Plaintiff alleges that Defendant Everbank "has no legal standing to institute or maintain a foreclosure of the Property." Complaint, ECF No. 1, p. 5. However, this Court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Kloth v. Microsoft Corp.*, 444

---

*Exploration & Production, Inc.*, 844 F. Supp. 1156, 1163 (S.D.Texas 1994); *McDonough v. Blue Cross of Northeastern Pennsylvania*, 131 F.R.D. 467 (W.D.Pa. 1990); *City of Jackson v. Lakeland Lounge of Jackson, Inc.*, 147 F.R.D. 122, 124 (S.D.Miss. 1993); *Long v. Lockheed Missiles & Space Co.*, 783 F.Supp. 249 (D.S.C. 1992). Therefore, a Report and Recommendation, instead of an Order, is being entered.

15

F.3d 312, 319 (4th Cir. 2006); *see also Walker v. Prince George's Cnty.*, 575 F.3d 426, 431 (4th Cir. 2009) (citing *Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir. 1999)). As discussed above, the state court foreclosure process was concluded over a year ago with a final judgment of foreclosure and an order of sale. Plaintiff's property was sold and a deed was executed and delivered to the buyer. In considering Plaintiff's attempt to remove his previously adjudicated state court action, and to enjoin its legal consequences, this Court is constrained to give full faith and credit to the state court's final judgment. *See* 28 U.S.C. § 1738. Based on the foregoing, Plaintiff's Motion for Emergency Hearing, ECF No. 6, should be denied.

## RECOMMENDATION

To the extent that Plaintiff Complaint includes a Letter of Removal, ECF No. 1-2, purporting to be a Notice of Removal of Plaintiff's state court foreclosure case to this Court, such Notice of Removal is invalid and of no legal effect. Accordingly, the Court should issue an order remanding the foreclosure case back to state court, or, because the state court case was ended by a final judgment and closed over a year ago, an order denying its removal and partially dismissing Plaintiff's Complaint, insofar as it seeks to remove the case of *Everbank v. Roane, et al.*, C/A No. 11-CP-10-4878 from the Charleston County Court of Common Pleas to this Court. Plaintiff's Motion for Emergency Hearing, ECF No. 6, should be denied for the reasons stated.

Plaintiff's Complaint, ECF No. 1, should otherwise be served upon the Defendant, and Defendant should be ordered to answer or otherwise respond to the Complaint, except as to the dismissed claim.



16

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

August 2, 2013
Charleston, South Carolina



17

### Notice of Right to File Objections to Report and Recommendation

The Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Robin L. Blume**
> **Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



18