IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ramon Ernesto Roane, | ) |
|                 Plaintiff, | ) Case No. 2:13-cv-1819-CWH |
| vs. | ) **ORDER** |
| Everbank, | ) |
|                 Defendant. | ) |

On July 2, 2013, the plaintiff, Ramon Ernesto Roane ("Roane"), proceeding pro se, filed this action against Everbank, seeking injunctive and compensatory relief. Roane alleges that Everbank violated his civil rights, specifically those rights guaranteed him by 42 U.S.C. §§ 1983 and 1985, and also violated the Fair Housing Act (42 U.S.C. § 3601 et seq.), the Federal Real Estate Settlement Procedures Act (12 U.S.C. § 27 et seq.), and the Thirteenth and Fourteenth Amendments. (ECF No. 1, at 3). Roane attached to his complaint what is purported to be a notice of removal of Everbank v. Roane, C.A. No. 11-CP-10-4878, a foreclosure action filed against Roane in the Circuit Court of Charleston County on July 12, 2011 and closed by the Charleston County Clerk of Court's Office on June 4, 2012. (ECF No. 1-2). In addition, on July 8, 2013, Roane filed a motion for an "emergency hearing on previous requested stay of State Court Actions." (ECF No. 6).

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a report and recommendation. On August 2, 2013, the magistrate judge issued a report recommending that the Court issue an order remanding the foreclosure case to state court, or an order denying its removal and partially dismissing Roane's complaint insofar as it seeks to remove the case of



Everbank v. Roane, C.A. No. 11-CP-10-4878, from the Charleston County Court of Common Pleas to this Court. (ECF No. 10). In addition, the magistrate judge recommended that Roane's motion for an emergency hearing should be denied. The magistrate judge specifically advised both parties of the procedures and requirements for filing objections to the report and the serious consequences if they failed to do so. No objections have been filed, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this Court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Id. at 271. "[T]he [C]ourt may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The Court is charged with making a de novo determination of any portion of the report of the magistrate judge to which a specific objection is made. Id. However, in the absence of an objection, the Court reviews the report only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted) (internal quotation marks omitted) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation"). Furthermore, the failure to file specific written objections to the report and recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).



Pro se submissions are to be construed liberally and are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted) (internal quotation marks omitted). Nevertheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

After reviewing the record of this matter, the applicable law, and the report and recommendation of the magistrate judge, the Court agrees with the conclusions of the magistrate judge. Accordingly, the Court adopts and incorporates the report and recommendation (ECF No. 10) by reference in this Order. The Court denies the removal of Everbank v. Roane, C.A. No. 11-CP-10-4878, and partially dismisses Roane's complaint insofar as it seeks to remove Everbank v. Roane, C.A. No. 11-CP-10-4878, from the Charleston County Court of Common Pleas to this Court. Roane's complaint shall be served upon Everbank, and Everbank is ordered to answer or otherwise respond to the complaint, except as to the dismissed claim. It is further ordered that Roane's motion for an emergency hearing (ECF No. 6) is denied. In accordance with Local Civil Rule 73.02(B)(2)(e), D.S.C., this matter shall remain referred to the magistrate judge for further proceedings.

**AND IT IS SO ORDERED.**

_____
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

August 21, 2013
Charleston, South Carolina

