IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ramon Ernesto Roane, ) | |
| ) | Case No. 2:13-cv-1819-CWH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Everbank, ) | |
| ) | |
| Defendant. ) | |

On July 2, 2013, the plaintiff, Ramon Ernesto Roane ("Roane"), proceeding pro se, filed this action against Everbank, seeking injunctive and compensatory relief. Roane alleges that Everbank violated his civil rights, specifically those rights guaranteed him by 42 U.S.C. §§ 1983 and 1985, and also violated the Fair Housing Act (42 U.S.C. § 3601 et seq.), the Federal Real Estate Settlement Procedures Act (12 U.S.C. § 27 et seq.), and the Thirteenth and Fourteenth Amendments. (ECF No. 1 at 3).

On May 12, 2014, Everbank filed a motion for summary judgment on the grounds that Roane's claim[1] was: (1) barred by the doctrine of res judicata; and (2) failed as a matter of law to the extent that it attempted to state a claim for conspiracy. (ECF No. 40). As Roane was proceeding pro se, this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a report and recommendation ("R&R") in accordance with 28 U.S.C. § 636(b)

---

[1] Roane's only remaining claim is one for monetary damages for an alleged violation of his constitutional rights based on the following allegation in his Complaint:
> Defendant instituted a foreclosure action without proper service of plaintiff . . . . The wrongful conduct of Defendants subjects Plaintiffs to irreparable economic hardship including foreclosure of their property . . . . As a direct result of Defendants [sic] conduct, Mr. Roane has been damaged by deprivation of their constitutional and property rights and being wrongfully compelled to expend significant legal fees . . . . The defendant with full knowledge and voluntary participation has conspired with its agents, employees, and servants has been involved in overreaching and object conspiracy to deny civil right to possess and inhibit a home without the imposition of a contrived foreclosure . . . .

(ECF No. 25, at 4-5) (quoting Complaint, ECF No. 1, at 4-5).



and Local Civil Rule 73.02(B)(2)(e), D.S.C. On May 15, 2014, the magistrate judge issued a Roseboro Order advising Roane of the importance of the dispositive motion and of the need for him to file a response. (ECF No. 44). Roane was specifically advised that if he failed to file a properly supported response, Everbank's motion may be granted, thereby ending his case. To date, Roane has failed to respond to the motion and the time for doing so has expired.

On June 20, 2014, the magistrate judge issued an R&R recommending that this action be dismissed with prejudice for lack of prosecution. (ECF No. 47 at 1-2). The magistrate judge specifically advised both parties of the procedures and requirements for filing objections to the report and the serious consequences if they failed to do so. No objections have been filed, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this Court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Id. at 271. The Court may "accept, reject, or modify, in whole or in part," the recommendation made by the magistrate judge or "recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The Court is charged with making a de novo determination of any portion of the report of the magistrate judge to which a specific objection is made. Id. However, in the absence of an objection, the Court reviews the report only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (internal quotation marks and citation omitted). Furthermore, the failure to file specific written objections to the R&R results in a party's waiver of the right to appeal from the judgment of the



District Court based upon such recommendation. Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

After reviewing the record of this matter, the applicable law, and the R&R of the magistrate judge, the Court agrees with the conclusion of the magistrate judge. Accordingly, the Court adopts and incorporates the R&R (ECF No. 47) by reference in this Order. Thus, this action shall be dismissed with prejudice for lack of prosecution. Accordingly, Everbank's motion for summary judgment (ECF No. 40) is moot.

**AND IT IS SO ORDERED.**

_____
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

July 11, 2014
Charleston, South Carolina